**Gurmail Singh SANDAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75226.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Louis A. Gordon, Esq., Law Offices of Louis A. Gordon, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Regina Byrd, Esq. DOJ–U.S. Department

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Gurmail Singh Sandal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and will reverse only if the record compels a contrary conclusion. *See Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006). We deny the petition for review.

Sandal's due process claim regarding a three-judge BIA panel, and his due process challenge to the streamlining process are foreclosed by *Falcon Carriche,* 350 F.3d at 850–51.

■ Substantial evidence supports the IJ's finding that Sandal did not establish past persecution because the harm he suffered did not rise to the level of persecution. *See Gu,* 454 F.3d at 1020. Substantial evidence also supports the IJ's conclusion that Sandal does not have a well-founded fear of future persecution. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002).

■ Because Sandal failed to demonstrate that he was eligible for asylum, it follows he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Substantial evidence also supports the IJ's conclusion that Sandal failed to show that it was more likely than not that he will be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

